BURTON, APPELLANT, *v.* LAUGHREY ET AL., RESPONDENTS.

[Submitted March 18, 1896. Decided March 23, 1896.]

RAILROADS—*Right of way—Public land—Ejectment.*—Mere prior possession of land, which is afterwards included in a grant by congress to a railroad of a right of way of 200 feet on each side of the center of its track, is insufficient to maintain ejectment as against the railroad.

SAME—*Use of right of way.*—Occupancy of land within the right of way of a railroad company under a license from the company, by which the licensee was permitted to cultivate the same on condition of maintaining lawful fences and keeping the land free from combustible materials, is a use of that portion of the right of way by the railroad.

*Appeal from Ninth Judicial District, Gallatin County.*

EJECTMENT. Defendant's demurrer to the complaint was sustained by ARMSTRONG, J. Affirmed.

*George D. Pease,* for Appellant.

*Cullen & Toole* and *Cockrill & Pierce,* for Respondents.

PER CURIAM.—Plaintiff appeals from the judgment entered against her upon sustaining defendants' demurrer to the complaint. The action is in the nature of ejectment to obtain possession of a strip of land lying along the track of the Northern Pacific Railroad, between a line 50 feet from the center of the track and one 200 feet from the center. The right of way granted to the Northern Pacific Railroad by congress is 200 feet on each side of the center of the track. It appears, by the complaint, that the company gave a license to respondent

Laughrey to occupy the strip above mentioned outside of a line 50 feet from the center of the track. The license agreement was that Laughrey might cultivate the land, and that he should maintain lawful fences thereupon, and should keep the same clear of combustible materials. Plaintiff sought to eject Laughrey and the railroad company from the strip.

We are of opinion that the demurrer was properly sustained, and that the complaint does not set out a cause of action. While the complaint pretends to set up a possession by the plaintiff prior to the grant to the Northern Pacific Railroad Company, yet it does not pretend to connect the plaintiff in any way with the government title prior to the grant to the railroad. Appellant contends that the land is not being used for railroad purposes, and therefore the defendants may not exclude her from its possession.

We think the case of *Pacific Co.* v. *Burr*, 86 Cal. 279, 24 Pac. 1032, is conclusive against the appellant. The facts were very similar to those now before us. In that case the court said : "Here there was a special grant of a right of way 200 feet in width on each side of the road. The grant is a conclusive legislative determination of the reasonable and necessary quantity of land to be dedicated to this public use, and it necessarily involves a right of possession in the grantee, and is inconsistent with any adverse possession of any part of the land embraced within the grant. It is true, the strip of land now actually occupied by the roadbed and telegraph line may be only a small part of the 400 feet granted, but this fact is of no consequence. The company may at some time want to use more land for side tracks or other purposes, and it is entitled to have the land clear and unobstructed whenever it shall have occasion to do so."

These views, however, do not treat of the right to take railroad property for another public use. (*Butte, Anaconda & Pacific Ry. Co.* v. *Montana Union Ry. Co.*, 16 Mont. 504.)

Furthermore, the company is required by the laws of the state to keep its right of way free from combustible materials. Its contract with Laughrey was to accomplish this purpose,

and also to accomplish the fencing of the right of way to avoid accidents to stock. This was a use of the right of way resulting in the accomplishment of obedience to the laws of the state.

The judgment of the district court is affirmed.

*Affirmed.*